UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RONALD E. McCRAY, #344018,

       Petitioner,

v.                                               CIVIL ACTION NO. 2:06cv317

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

       Respondent.

<u>AMENDED ORDER</u>

The Court entered an Order (Document No. 15) on October 18, 2006, dismissing this action without prejudice at the request of Petitioner. The Court notes that the Order contained a scrivener's error in footnote 1 on page 2. The footnote is amended to read as follows: "Respondent states in his brief that Petitioner would now be barred by Virginia Code § 8.01-654(A)(2) (habeas corpus statute of limitations) or § 8.01-654(B)(2) (prohibition against successive petitions) from raising these claims in state court."

The Court notes that on September 11, 2006, Petitioner filed a Motion to Amend or Withdraw Present Petition (Document No. 12). The Court entered an Order (Document No. 13) on September 19, 2006, advising Petitioner that pursuant to Rule 41(a)(1)(2) of the Federal Rules of Civil Procedure, he could voluntarily dismiss his action only prior to service by the adverse party of an answer or

motion for summary judgment.  Since Respondent had previously filed a Motion to Dismiss and Memorandum in Support of Motion to Dismiss, the Court directed Respondent to notify the Court within fourteen (14) days from the date of entry of the Order if it had any objection to the petition being dismissed without prejudice.

On October 3, 2006, Respondent filed a Response to Court's order Regarding the Petitioner's Motion for Voluntary Dismissal Without Prejudice and Brief in Support of Response (Document No. 14).  In that response, Respondent stated at paragraph five (5) on page two (2) as follows: "However, the respondent notes, as was stated in paragraph 13 of the Brief in Support of the Motion to Dismiss and Rule 5 Answer, the petitioner would <u>now</u> be barred by Virginia Code § 8.01-654(A)(2) (statute of limitations) and § 8.01-654(B)(2) (successive petitions) from raising the claims in state court.  They are thus simultaneously exhausted and defaulted." (Emphasis added).  Further, Respondent noted that "if the current matter is dismissed without prejudice, the time that the current federal habeas petition was pending in this Court would not be tolled for purposes of the federal statute of limitations under 28 USC § 2244.  <u>See</u> <u>Duncan v. Walker</u>, 533 U.S. 167 (2001)."[1]

---

[1] While the Court expresses no opinion on Respondent's assertion of the statute of limitations or prohibition against successive petitions, Petitioner is advised that any subsequent petition may be dismissed on the basis of these defenses, if applicable.

Therefore, it appearing to the Court that Petitioner filed a motion to withdraw his petition without prejudice to his right to file a petition in the future, and Respondent voiced no objection to such voluntary dismissal of this action without prejudice, it is ORDERED that this civil action be DISMISSED, pursuant to Rule 41(a)(1)(2) of the Federal Rules of Civil Procedure, without prejudice to Petitioner's right to file a subsequent petition.

The Clerk shall mail a copy of this order to Petitioner and to counsel of record for Respondent.

/s/ Jerome B. Friedman
United States District Judge

Norfolk, Virginia

October 26, 2006

Order recommended by

/s/ R. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

October 25, 2006